# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA,
# SOUTHERN DIVISION

| | |
|---|---|
| **WOODROW L. EVANS,** ) | |
|     Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | **CIVIL ACTION NO.:** _____ |
| ) | |
| **BUFFALO ROCK COMPANY,** ) | **JURY DEMAND** |
| ) | |
| ) | |
|     Defendant. ) | |

## COMPLAINT

**I.   INTRODUCTION**

1.   This is an action for declaratory judgment, equitable relief, and money damages, instituted to secure the protection of and to redress the deprivation of rights and violations of Title I of the Americans with Disabilities Act 42 U.S.C. § 12112(b)(4) (the association provision of the ADA); and violations of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §2601, et seq., in discrimination and retaliation for the plaintiff asserting his rights under 29 U.S.C. §2601, et seq. This action is also brought for willful violations of the Uniformed Services Employment and Re-employment Rights Act of 1994 ("USERRA"), codified at 38 U.S.C. §§ 4301-4333 and 20 C.F.R. Part 1002. Plaintiff seeks injunctive relief, equitable relief, compensatory damages, punitive damages, and liquidated damages, and requests a jury trial pursuant to 42 U.S.C. § 1981a.

**II.   JURISDICTION AND VENUE**

2.   Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. § 1331, 29 U.S.C. §2617, 28 U.S.C. § 2201 and 2202, 29 U.S.C. § 794a, 42 U.S.C. § 12133, and 38

U.S.C. § 4323(b)(3).

3.      The unlawful employment practices alleged hereinbelow were committed by the defendant within Jefferson County, Alabama.  Venue is proper pursuant to 28 U.S.C. § 1391, 42 U.S.C. § 2000e-5(g), and 38 U.S.C. § 4323(c)(2)

4.      Plaintiff has fulfilled all conditions precedent to the institution of this action including those statutory requirements under Title I of the ADA.  Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of occurrence of the last discriminatory act.  Plaintiff also timely filed this complaint within ninety (90) days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission.

### III.    PARTIES

5.      Plaintiff, Woodrow L. Evans (hereinafter "Plaintiff" or "Evans"), is a male citizen of the United States and a resident of the State of Alabama.

6.      Plaintiff was an eligible employee under the FMLA in that he worked for the Defendant for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

7.      Plaintiff is also a qualified individual under the Americans with Disabilities Act in that he has physical and/or mental impairments which substantially limit one or more of his major life activities and/or is perceived as having a disability which substantially limits his major life activities and/or has a history of having such disabilities. 42 U.S.C. § 12102, 42 U.S.C. § 12131, 29 U.S.C. § 706.

8. While employed with the Defendant, the Plaintiff was a person who was a member of, applied to be a member of, performed, had performed, or had an obligation to perform service in a uniformed service of the United States of America as defined under 38 U.S.C. § 4303.

9. Defendant, Buffalo Rock Company (hereinafter "Buffalo Rock" or "Defendant"), is a corporation doing business in Jefferson, Alabama, where it employs 50 or more employees. The defendant employed 50 or more employees for each working day during each of the 20 or more calendar work weeks in the applicable calendar year.

10. The defendant is an employer pursuant to 42 U.S.C. § 12111(5); an employer within the meaning of 42 U.S.C. § 2000e(a) and (b); and is a covered employer pursuant to 29 U.S.C. §2611(4). At all times relevant to this action the defendant has employed at least fifteen (15) or more employees.

11. The Defendant was the Plaintiff's employer as defined under 38 U.S.C. § 4303.

## IV.   FACTUAL ALLEGATIONS

12. Evans began working for Buffalo Rock on a temporary basis in or about November 2012. In February 2012 he was hired as a full time employee in the supervisory position of Warehouse Bulk Coordinator.

13. At all times relevant hereto, Plaintiff was a member of the United States Army Reserve.

14. In January 2013, Evans was deployed to serve in Kuwait for approximately nine (9) months.

15. While serving in Kuwait, Evans was injured resulting in his suffering from serious medical conditions related to his leg, shoulder and back--including degenerative discs and disc

3

dessication. Buffalo Rock was made aware of Evans' serious medical conditions, need for ongoing medical treatment and his disability status.

16. Evans returned to the United States in or about November 2013 and as a result of his medical conditions was under military medical care/orders until his release and return to work in or about March 2014.

17. Tina Waters, of Buffalo Rock Human Resources, was kept informed of Evan's military duty/orders status, disability status and need for medical leave throughout this time period.

18. Evans returned to work in his position of Warehouse Bulk Coordinator at Buffalo Rock on March 23, 2013. Despite his limiting physical conditions, the Plaintiff was able to work with simple and reasonable accommodations, such as being allowed to go to the VA for his continued medical treatment and care.

19. Upon his return to work, Evans discovered that Buffalo Rock had replaced him in the Warehouse Bulk Coordinator position on the 11:00 a.m. to 10:00 p.m. shift, and instead of returning him to his job they informed him that they would call him when a new job came open.

20. Buffalo Rock later called and informed him that another position was open, but it was on a 4:00 a.m. to 2:00 p.m. shift.

21. Evans was still receiving medical care from the VA Hospital on a regular basis (at least twice weekly) and he informed his supervisor, Michael Fanning, and the Operations Manager, Cliff Wadsworth, that the 4:00 a.m. to 2:00 p.m. shift actually worked better for him as it did not interfere with his ability to go to his VA visits as the other shift would do.

22. Within approximately a week of informing Buffalo Rock of this, Evans was placed back onto the 11:00 a.m. to 10:00 p.m. shift which directly interfered with his ability to receive his

ongoing medical care with the VA.

23. Evans informed Fanning, Wadsworth and Vice President Sammy O'Dell that this change in his work schedule was directly interfering with his ability to seek his ongoing medical care with the VA. However, his schedule was not modified to accommodate his needs.

24. Instead, Evans was instructed to take his vacation and personal time off in order to be able to go to the VA for his medical treatment.

25. Once his vacation and PTO ran out, in or about June/July 2014, Evans applied for and received approval for Family Medical Leave in order to be able to go to the VA for his ongoing medical treatment.

26. Evans was informed by Wadsworth that since his vacation and PTO time was exhausted that any further absences or leave time would result in disciplinary points being counted against his attendance record.[1]

27. On or about July 19, 2014, Evans was placed back on active duty orders by the military for annual training to last through August 2, 2014. These orders were then extended through the end of August 2014. Evans provided these military orders to Buffalo Rock.

28. In August 2014 Evans also provided Buffalo Rock with FMLA paperwork twice. Buffalo Rock failed to provide Evans with the necessary forms for his FMLA leave.

29. Upon Evans' return from this period of service he began suffering from mental stress, anxiety and disability due to Post Traumatic Stress Disorder ("PTSD").

---

[1] Evans' FMLA had been approved and as a supervisor he was not subject to the Defendant's attendance point system.

30.     Upon his return from this period of service, Evans contacted Kathy Patton with Buffalo Rock and informed her of his medical condition and requested use of FMLA days which she approved.

31.     During this time period, Evans also spoke with Vice President O'Dell about his limited ability to perform the task of his job involving safely operating a vehicle or machinery in light of his medical state at the time and informed O'Dell that he would be taking FMLA leave until he could again safely perform his job.

32.     On September 8, 2014, while Evans was out on his approved FMLA leave, his position of Warehouse Bulk Coordinator was posted as vacant by Buffalo Rock and on September 15, 2014, Evans was informed that he was terminated.

33.     Evans' position was filled by Robert who upon information and belief was not in the military, had not requested FMLA leave, and did not suffer from or was not perceived to suffer from a disability.

34.     Plaintiff was treated differently than similarly situated employees because of Defendant's disapproval of his absences due to his military service.

35.     The Defendant willfully and maliciously failed to place Plaintiff in his position upon return from military service, subjected Plaintiff to stricter scrutiny, and terminated his employment in violation of USERRA because of the Plaintiff's obligation to perform and performance of military service.

36.     Plaintiff was also discriminated against on the basis of his disability and/or perceived disability and/or history of a disability by being denied reasonable accommodations and/or having his reasonable accommodations interfered with and by being subjected to disparate treatment,

unwarranted discipline and termination.

37. Plaintiff was also unlawfully discriminated and retaliated against in relation to his attempt to assert her federally protected rights under the FMLA as the Defendant interfered with his ability to assert his FMLA rights and subjected him to disparate treatment, unwarranted discipline and termination.

38. The defendant acted intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights.

39. As the result of the defendant's conduct the plaintiff was deprived of income and other employment benefits due him. He also suffered embarrassment, humiliation, inconvenience, and mental distress.

40. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, backpay, an injunction, and compensatory and punitive and/or liquidated damages is his only means of securing adequate relief.

41. Plaintiff is suffering and will continue to suffer irreparable injury from the defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.     CAUSES OF ACTION

### COUNT I –DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, TITLE I AND § 12112(b)(4) AND § 12203

42. Plaintiff realleges and incorporates by reference paragraphs 1 through 41 above with the same force and effect as if fully set out in specific detail hereinbelow.

43. Plaintiff is a qualified individual under the ADA because of his known disability and/or perceived disability and/or history of a disability.

44. The Plaintiff is a person with a disability, has a history of disability and/or is perceived as disabled pursuant to 42 U.S.C. § 12102, and 29 U.S.C. § 706.

45. Despite the Plaintiff's disability, with or without reasonable accommodations, the Plaintiff was able to perform the essential functions of his job.

46. Plaintiff was subjected to unlawful discrimination by the defendant based on his disability and/or perceived disability and/or history of a disability including, but not limited to, being denied reasonable accommodations and by being subjected to disparate treatment, unwarranted discipline and termination.

47. At the time of this unlawful activity the defendant had knowledge that the Plaintiff suffered from an actual or perceived disability and/or had a history of a disability.

48. Defendant, by its discriminatory treatment of the Plaintiff, has intentionally, willfully, with deliberate indifference and without justification deprived plaintiff of his federally protected rights, as described herein. This deprivation violates plaintiff's rights under the Americans with Disabilities Act.

49. The defendant intentionally, maliciously, and with reckless indifference to Plaintiff's federally protected rights discriminated against the plaintiff based upon his disability and/or perceived disability and/or history of a disability in the terms, conditions, benefits of his employment including, but not limited to, denying her reasonable accommodation and by subjecting him to disparate treatment, unwarranted discipline and termination.

50. The plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction and a declaratory judgment. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein

unless enjoined by this Court.

## COUNT II –INTERFERENCE AND DISCRIMINATION IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

51. Plaintiff realleges and incorporates by reference paragraphs 1 through 50 above with the same force and effect as if fully set out in specific detail hereinbelow.

52. As set forth herein, plaintiff was an eligible employee under the FMLA in that he worked for more than 12 months and had worked more than 1250 hours of service within the preceding 12 months and had worked at a location where at least 50 employees were employed.

53. As a result of his serious medical conditions, as set out above, the Plaintiff requested and was granted medical leave from the defendant beginning in 2014.

54. As set out in detail above, beginning in 2014 the Defendant interfered with the Plaintiff's rights under the FMLA by refusing to allow him requested FMLA leave, by counting his FMLA absences against him for disciplinary purposes and/or by failing to provide him with necessary paperwork for his FMLA leave.

55. As set out in detail above, beginning in 2014 the Defendant discriminated and retaliated against the Plaintiff for asserting his federally protected rights under the FMLA by subjecting him to disparate treatment, unwarranted discipline and termination.

56. The defendant intentionally, maliciously, and with reckless indifference interfered with the Plaintiff's rights under the FMLA and discriminated against him in the terms, conditions, benefits of his employment because of his pursuit of his rights under the FMLA.

57. The plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, lost benefits, an injunction and a declaratory judgment. The plaintiff is now suffering and will continue

to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

58. The defendant's unlawful actions against the Plaintiff, as set out above, were not made in good faith, nor did the defendant have any reasonable grounds for believing that such acts were not a violation of the Plaintiff's federally protected rights.

## COUNT III –VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND RE-EMPLOYMENT RIGHTS ACT OF 1994 (38 U.S.C. § 4301-4305)

59. Plaintiff realleges and incorporates by reference paragraphs 1 through 58 above with the same force and effect as if fully set out in specific detail hereinbelow.

60. The Plaintiff was a member of a uniformed service and as such was obligated to serve in the military and to undergo annual military training, as set out in detail above, during his employment with Defendant.

61. Due to Plaintiff's absences for military service and training, the Defendant altered the Plaintiff's work schedule in a way known to be detrimental to Plaintiff, subjected Plaintiff to disparate treatment and unwarranted discipline, and terminated Plaintiff's employment.

62. The Defendant did these things willfully and maliciously in direct violation of USERRA.

63. The plaintiff took action under USERRA to enforce its protection, to exercise his rights thereunder.

64. The Defendant willfully and maliciously discriminated against the Plaintiff in the terms and conditions of his employment, as set out above, in violation of USERRA.

65. All discrimination was done wilfully and with malicious and reckless disregard for the rights of the Plaintiff.

66. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a declaratory judgment, backpay, an injunction, and compensatory and liquidated damages is his only means of securing adequate relief.

67. As a result of Defendant's actions, Plaintiff has suffered and continues to suffer harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment, pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff, as secured by the Americans with Disabilities Act, Title I, 42 U.S.C. § 12101, et seq., 42 U.S.C. § 12112(b)(4), and 42 U.S.C. § 12203; by the USERRA; and as secured by the Family and Medical Leave Act of 1993;

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Americans with Disabilities Act, Title I, 42 U.S.C. § 12101, et seq., 42 U.S.C. § 12112(b)(4), and 42 U.S.C. § 12203; the USERRA; and the Family and Medical Leave Act of 1993;

3. Grant the plaintiff an order requiring the defendant to make him whole by awarding him reinstatement into the position he would have occupied in the absence of the unlawful discrimination by the defendant with the same seniority, leave and other benefits of the position (or front pay), back pay (with interest), and by awarding each compensatory, punitive, liquidated and/or nominal damages, attorney's fees, costs, and expenses;

4. Grant plaintiff reinstatement and a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant, and at the defendant's request, from continuing to violate plaintiff's rights as well as those of others who are similarly-situated pursuant to the Americans with Disabilities Act, Title I and § 12203, the USERRA, and the FMLA.

5. Grant plaintiff a preliminary and permanent injunction pursuant to 29 U.S.C. §2617(1)(B) directing the defendant to reinstate all of plaintiff's employment benefits, including but not limited to his health insurance and retirement benefits, retroactive to the date of their cessation;

6. Grant plaintiff a declaratory judgment against the defendant that his termination violated the FMLA, the USERRA, and the ADA;

7. Enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against the defendant and in favor of the plaintiff for the monetary losses plaintiff sustained as a direct result of the defendant's termination of plaintiff in violation of the FMLA;

8. Grant plaintiff compensatory, punitive and/or nominal damages, liquidated damages and interest;

9. Grant plaintiff his attorney's fees and costs; and

10. Grant plaintiff such other relief as justice requires.

                                          Respectfully submitted,


                                          s/ Temple D. Trueblood
                                          Temple D. Trueblood (TRUET0355)
                                          Counsel for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama  35203
(205) 314-0500



**THE PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

                                          s/ Temple D. Trueblood
                                          OF COUNSEL